Inés de Choudens, through her guardian ad litem, Francisco García, Plaintiff and Appellee, *v.* Rafael Portilla, Defendant and Appellant.

No. 7488.  Argued June 2, 1938.—Decided June 13, 1939.

*J. M. Calderón, Jr.,* for appellant.  *C. Iriarte, F. Fernández Cuyar and H. González Blanes,* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Rafael Portilla filed three notices of appeal from as many orders of the district court.  The first appeal was dismissed by this Court March 25, 1938.  Hence, we need not consider the first assignment.  The question involved on the third appeal has become academic for reasons which need not be stated here and the appeal itself apparently has been abandoned.

The second assignment is that the district court erred in overruling a motion to set aside a judgment by default, to relieve defendant from the effect thereof, and to permit the filing of an answer.

■■ Defendant in his motion stated in substance that:

Plaintiff had brought an action for damages and had attached the property of defendant, a non-resident, in order to obtain jurisdiction; the attachment had been levied by annotation thereof in the San Juan Registry of Property, June 12, 1936; plaintiff, on July 2, 1936, had requested service of summons by publication and such service had been ordered by the court, July 10, 1936; a letter with request for return receipt had been sent by registered mail to the address where defendant was supposed to be in Santander, Spain; defendant had not answer within the statutory period and a default entry had been requested October 5, 1936; the case had been heard and a judgment for plaintiff had been rendered October 24, 1936; the letter which appeared in the record as having been received by defendant had never reached him but defendant's name had been subscribed to the acknowledgment of receipt by his brother and attorney-in-fact, Fernando Portilla; defendant, due to the state of his health, had resided for more than two years at a Belgian bathing resort and had received no notice of the action directly or indirectly, through the press or otherwise; defendant had been recently informed by his brother of the action and had requested Antonio Vallina, a resident of Santander, to advise Manuel de la Cuétara, defendant's administrator in San Juan, so that he might take the necessary steps for the defense of defendant's interests; it was a matter of general knowledge that by reason of the situation in Spain, communications had been interrupted, and regular and satisfactory correspondence and communication with that country had become impossible, as evidenced by the fact that the letter to defendant's administrator had arrived by way of Italy and the United States; a proposed answer was attached to the motion; an exact, true and complete statement of the facts in the case and of the evidence had been made to defendant's attorney, who, after knowing and weighing the same, understood to the best of his knowledge and understanding that defendant had a good, sufficient and just defense on the merits of the case and defendant firmly and in good faith believed in said defense.

The relief requested was that:

In view of defendant's absence from the jurisdiction, the circumstances involved, the existing situation in Spain, the broad meaning and spirit of Section 140 of the Code of Civil Procedure and para-

graph 8 of Section 7 and its correlative provisions—the default should be set aside, the judgment should be vacated, defendant should be relieved from the effects thereof, the case should be reopened and defendant should be permitted to file his answer.

The motion was supported by an affidavit of defendant's attorney.

Plaintiff resisted the motion in a sworn statement, as follows:

By a letter from defendant's agent and attorney-in-fact, in answer to a letter written by plaintiff's attorney, July 21, 1936, plaintiff had been informed that defendant, Rafael Portilla, was residing at Alameda 1ra. No. 16, 1ro. Santander, Spain. Pursuant to instructions received by plaintiff's attorney from defendant's agent and attorney-in-fact, Manuel Cuétara, the secretary of the district court had sent the registered letter containing a copy of the complaint and of the summons with request for a return receipt as set forth in defendant's motion. Defendant had been notified of the judgment and a copy of the notice had been filed October 27, 1936. Plaintiff denied defendant's statement that he had not received the letter which the record showed he had received; denied that defendant's brother and agent and attorney-in-fact, or any one other than defendant himself had subscribed defendant's name to the receipt on file. On the contrary, plaintiff asserted that defendant, Rafael Portilla, had received the letter referred to, containing a copy of the complaint and of the summons, and that it had been delivered to him as shown by the receipt received by the secretary of the district court. Plaintiff denied for want of information and belief that defendant, because of the state of his health or for any other reason, had resided and was residing for more than two years or, at any time, at a bathing resort or elsewhere, in Belgium and denied that notice of the action had not come to defendant's knowledge prior to the filing of defendant's motion on December 4, 1936. On the contrary, plaintiff alleged that the defendant, Rafael Portilla, had been aware of plaintiff's claim and had been notified of the action long before the filing of his motion of December 4, 1936, and from the commencement of the action. Plaintiff denied for want of information and belief that defendant had been informed of the complaint by his brother, and expressly denied that defendant had been recently informed of the complaint. Plaintiff denied for want of suf-

ficient information and belief that defendant had requested Antonio Vallina—or any other person residing in Santander, Spain, or elsewhere—to advise Manuel Cuétara, defendant's administrator in San Juan, to take the necessary steps in defense of defendant's interests. Plaintiff admitted, however, that Manuel de la Cuétara was defendant's administrator and agent and attorney-in-fact in San Juan, and that he had always been informed and had been aware of all the steps taken by plaintiff, as well as of plaintiff's purpose, from the time of the accident, to sue for the damages and injuries sustained. Plaintiff admitted that the civil war in Spain was a matter of general knowledge but denied that because of the existing situation in Spain, communications had been interrupted or that satisfactory correspondence or communication with that country had been impossible. On the contrary, plaintiff alleged that rapid and satisfactory means of communication with Santander, Spain—where defendant had resided and was residing according to defendant's administrator, Manuel Cuétara—had existed and were in existence, as shown by the return receipt on file signed by Rafael Portilla in Santander, Spain. Plaintiff denied for want of sufficient information and belief that an exact, true and complete statement of the facts in the case and of the evidence had been made to defendant's attorney, and emphatically denied that from an exact, true and complete statement—if such statement had been made—defendant's attorney had understood or could have understood that defendant had a good, sufficient and just defense on the merits. Plaintiff denied, on information and belief, that defendant or his attorney firmly and in good faith believed in the supposed defense which defendant was said to have. On the contrary, plaintiff alleged that defendant had no good and just defense, that the same was not meritorious and that this appeared from an investigation of the facts. Plaintiff alleged that she had endeavored through her attorneys, before, after and throughout the suit, to inform defendant of her rights, as well as of all steps taken by her, and that defendant's administrator, Manuel Cuétara, had been at all times informed and had fully informed defendant of all steps taken by plaintiff before, after and during the action; that defendant, October 28, 1936, much more than a month before his first general appearance in the action, had written a letter through his attorney to plaintiff's attorneys, whereby it appeared that prior to that date he had been fully aware of the action against him and of the fact that judgment had been rendered therein.

As pointed out by the district judge:

It appeared from the record that the secretary on June 9, 1936, had issued a writ of attachment. Plaintiff, June 12, 1936, had indicated a certain house and lot as the property of defendant. The marshal, as shown by his return, had attached the property, had sent an order in duplicate June 12, to the registrar of property and on June 27, sent to the registrar an amended order specifying the boundaries of the property. The registrar on June 29, had entered the attachment.

The secretary had issued a summons June 9, 1936, which had been returned by the marshal June 12, 1936, without having been served because defendant was not residing in Puerto Rico, but, according to information obtained by the marshal which he believed to be correct, was residing in the Republic of Spain.

Plaintiff on July 2, 1936, that is to say, after issuance and annotation of the attachment, had presented a sworn request for citation by publication because defendant's whereabouts was unknown. The complaint had been verified and the request was in due form. The court, on July 10, 1936, had ordered the publication of summons and the same had been published. Plaintiff had moved, September 4, 1936, for an order that a copy of the complaint and of the summons be sent by mail to defendant, c/o D. Fernando Portilla, Alameda 1ra. No. 16, 1ro. Santander, Spain. The court had so ordered and the secretary had complied with the order September 4, as appeared from his return and from a copy of the letter, and had sent by registered mail a copy of the complaint and of the summons. The return card of official receipt was on file. It showed that the letter had been delivered to the addressee in Santander, September 29, 1936, and was signed: "Rafael Portilla."

Plaintiff on October 5, 1936, had requested the secretary to note defendant's default and to include the case in a special calendar so that evidence might be presented. This the secretary did October 8, 1936. Plaintiff had appeared at the trial October 9. Judgment had been rendered for plaintiff October 24. Notice thereof had been sent October 27, by mail to the same address as in the case of the copies of the complaint and of the summons, which defendant had received as shown by the return card or post office receipt. The time within which an appeal might have been taken had expired November 28, 1936.

All the steps necessary in order to give the court jurisdiction over the person of defendant had been taken. At the time when

publication of the summons was ordered, July 2, 1936, real property had been attached and the attachment had been entered in the registry of property by virtue of the original and amended orders issued by the marshal. The annotation appeared on the original writ as having been made June 29. *Cosme v. Santi González*, 37 P.R.R. 710. While it was true that the record did not show that defendant had been directly notified of the attachment either by sending him copies of the documents by mail, or by mention thereof in the publication of summons yet defendant had constructive notice through the entry in the registry of property which was notice to all the world. The law did not specify how defendant should be notified. *Wenonah Military Academy v. Antonsanti*, 40 P.R.R. 251. Defendant had filed his motion December 5, after the time in which an appeal might have been taken had expired. His appearance had been general and voluntary and he had submitted himself to the jurisdiction of the court. Such appearance was retroactive to the date of the trial, notwithstanding any irregularity of procedure. 2 Bancroft's Code Practice and Remedies 1189; *Cosme v. Santi González, supra*. Defendant in his motion had not challenged the jurisdiction of the court nor the procedure followed, but had relied on Section 140 of the Code of Civil Procedure as to matters within the discretion of the court, and on paragraph 8 of Section 7 of that code which empowers the court to amend and control its process and orders so as to make them conformable to law and justice.

Defendant's proposed answer had contained only a specific denial of the essential averments of the complaint, except as to the ownership and lease of the property, and had set up as the sole defense that defendant through his administrator, Manuel de la Cuétara, had let the work to an independent contractor who, without any intervention, restriction or control on the part of defendant or of his administrator, except as to the result of the work, had repaired the window which caused plaintiff's injuries.

February 8, 1937, had been set for a hearing of the motion and of plaintiff's objections thereto. The parties had appeared by their attorneys. Defendant had submitted his motion on the record and on his two briefs. Plaintiff had presented evidence both oral and documentary and had filed a reply brief. Defendant's motion had been sworn to by his attorney, except as to matters stated on information and belief which the attorney had believed to be true. The affidavit was defective in that nothing was said as to what matters were known by affiant to be true, and what had been stated on in-

formation and belief. Section 118 of the Code of Civil Procedure and *Nazario* v. *Atlas Assurance Co.*, 24 P.R.R. 336. ''Affidavits are solemn acts which should be conscientiously performed, and the affiant should understand and realize the liability incurred, and they should be drawn in clear and definite terms and should not be vague and indefinite.'' *Pérez* v. *The Executive Council*, 16 P.R.R. 677. In any event, the affidavit did not have the probative force of testimony which is subject to cross examination. *Puig* v. *Torres*, 43 D.P.R. 917 (sic). Defendant's statements having been denied under oath, the motion invoking the discretion of the court without any evidence to support it, might have been denied forthwith. Plaintiff, however, had introduced evidence tending to show that defendant and his administrator from the commencement of the action, June 8, 1936, had knowledge thereof and did not appear until December 5, some six months later, after expiration of the time within which an appeal might have been taken. In addition to the annotation of the attachment in the registry of property, June 29, which was notice to defendant, the evidence tended to show that plaintiff's attorneys on March 18, had addressed a letter to Manuel Cuétara, as Portilla's agent and attorney-in-fact, informing him that the case had been placed in their hands, stating the facts and suggesting that the matter might be settled out of court. Cuétara had seen plaintiff's attorneys in their office, March 21, as shown by a letter of May 5, concerning the matter and the matter had been held in abeyance for a month or a month and a half in order to facilitate consultation with Portilla, who was residing in Spain. The complaint had been filed June 8 and plaintiff's attorneys, on July 21, had addressed another letter to Cuétara informing him that an action had been commenced and requesting Portilla's address in order that they might send him copies of the complaint, of the writ of attachment and of the summons and had suggested that Cuétara should communicate with Portilla in order that he might have ample opportunity to appear in defense of whatever rights he might have. Cuétara had replied July 30, giving Portilla's address in Santander, Spain. This was the address used by the secretary in sending copies of the complaint and of the summons September 4, which had been delivered to the addressee in Santander, September 29. Plaintiff's attorneys had addressed another letter to Cuétara October 27, three days after rendition of judgment, informing him of such rendition, and the same attorney who subsequently filed defendant's motion had replied October 28. This attorney, in his reply, had stated that

his client, Cuétara, had brought him a letter in which plaintiff's attorneys had said that they had obtained judgment against Portilla in the District Court of San Juan. The attorney had then asked for the number of the case in order that he might present to the court the legal defenses pertinent to the rights of his client. One of plaintiff's attorneys had answered this letter the day following, stating the dates of the judgment, and of the notification given the parties and the number of the case, 25,284. The writer of the ambiguous letter addressed to plaintiff's attorneys, had subsequently appeared in the case as the attorney for defendant, Portilla, and in the absence of evidence to the contrary, the presumption was that he had been acting on behalf of the person who figured as his client. *Miranda* v. *Pesquera,* 49 P.R.R. 231. It clearly appeared that defendant had been aware of the action, step by step, from the commencement thereof. In the absence of any evidence to support the motion or of any merits in the proposed defense, to have set aside the judgment in the peculiar circumstances of the case would have been an abuse of discretion rather than a proper exercise thereof. The case was similar to that of *Wenonah Military Academy* v. *Antonsanti, supra,* and quite different from that of *Cosme* v. *Santi, supra.* The existence of a civil war in Spain was a matter of general knowledge. If, as stated in defendant's motion, he had resided for two years at a Belgian bathing resort, the situation existing in Spain as a result of the war—making regular and satisfactory correspondence and communication with that country impossible—had nothing to do with the case. This aside from the fact that, so far as mail with the United States and Santander, Spain, was concerned, no interruption whatever appeared to have existed, since the communication of September 29, sent by the secretary, had been delivered to the address furnished by defendant's administrator or agent and attorney-in-fact in Puerto Rico, Cuétara, as shown by the official return card signed: ''Rafael Portilla.'' If this had not been the signature of Rafael Portilla, and if his brother and attorney-in-fact, Fernando Portilla (a resident of Santander, Spain) had subscribed the name of Rafael Portilla to the return receipt, it would have been easy to present evidence to that effect and to show that Portilla had been authorized to affix his brother's name to the receipt.

We find no error in the weighing of the evidence nor in the conclusions reached by the district judge as to any of

the questions raised by defendant's motion. That motion was not a special appearance made for the sole purpose of raising a jurisdictional question. It did not raise or submit any jurisdictional question. On the contrary, defendant invoked the discretionary powers of the court under Sections 7 and 140 of the Code of Civil Procedure, and asked for affirmative relief. The motion was a general appearance.

The district court did not err as claimed by appellant in his second assignment. The argument in the brief for appellant does not discuss the questions raised by this motion in the district court nor does it seem to be much in line with the second assignment. It is, in substance, that the judgment of the district court was void for want of jurisdiction: *first,* because the affidavit on which the district court based its order for publication of the summons was insufficient, and, *second,* because the court never obtained jurisdiction over defendant.

As far as any question raised by defendant's motion in the district court is concerned, appellant merely cites or quotes from *Fernández* v. *Pescay,* 26 P.R.R. 735; *Benítez Rexach* v. *Benítez,* 42 P.R.R. 753 (sic), and *Sierra* v. *Longo,* 45 P.R.R. 783.

Aside from the generality of the second assignment, it would suffice to say that appellant, by reason of his general appearance in the district court, is now precluded from raising the jurisdictional questions discussed in his brief. We may add, however, that we have examined those questions far enough to satisfy ourselves that in any event, the ruling on defendant's motion should not be reversed.

The order of the district court must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.